UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DORON AVGUSH,                                             Docket #

                                      Plaintiffs,   05 CV 3608

         -against-

                                                       **PLAINTIFF'S**
                                                       **APPLICATIONS *IN LIMINE***
BRAHIM DEDUSEVIC
                                        Defendants.

------------------------------------------------------------------------ x
                                                         ECF CASE

        Plaintiff, by his attorneys, Fink & Katz, PLLC and Bromberg Law Office, P.C.,

respectfully submits the following applications *in limine*.

Dated:       August 20, 2007
                 New York, New York

                                                     Fink & Katz, PLLC

                                                     By: Jonathan A Fink (JF3097)
                                                     One of Plaintiff's Attorneys

<u>Attorneys for Plaintiffs</u>
Jonathan A. Fink (JF:3097)
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone:212-385-1373
Fax:212-202-4036

Brian L. Bromberg (BB:6264)
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone:212-248-7906

I.  **APPLICATION TO PRECLUDE QUESTIONING OF DORON AVGUSH CONCERNING HIS CONVICTION FOR ASSAULT IN THE THIRD DEGREE, AND THE UNDERLYING FACTS AND PROCEEDINGS**

Following his arrest on July 29, 1992, Doron Avgush was convicted of Assault in the Third Degree. The conviction occurred on August 2, 1995 in Cortlandt Town Court, Westchester, NY. Plaintiff opposes the introduction of this conviction at trial on a number of grounds. First, it is inadmissible under Federal Rule of Evidence 609 (a) because Assault in the Third Degree neither carries a sentence of more than one year, nor does it involve dishonesty or a false statement. Second, under Federal Rule of Evidence 403, if the Court were to allow the introduction of plaintiff's prior conviction, the prejudice would outweigh the probative value.

II. **APPLICATION TO PRECLUDE QUESTIONING OF DORON AVGUSH CONCERNING HIS ARREST AND LAWSUIT REGARDING A PARKING VIOLATION DISPUTE IN 1997**

On December 15, 1997, Mr. Avgush was charged with committing the offense of disorderly conduct after he ripped a traffic summons that a Yorktown police officer had written. According to the criminal complaint, Mr. Avgush approached the police officer's vehicle, banged on the window, then tore up the summons and threw it in the face of the police officer while yelling and screaming in a violent manner. Although Mr. Avgush was convicted of disorderly conduct, the conviction was reversed on appeal. Subsequently, Mr. Avgush filed a lawsuit against the arresting officer in which he alleged, among other things, that he had been falsely arrested. The lawsuit was dismissed.

Pursuant to Federal Rule of Evidence 404 (b), plaintiff opposes the introduction of any evidence pertaining to his December 15, 1997 arrest. Defendant will surely argue that this particular incident is probative of Mr. Avgush's propensity for having disputes with individuals involved in law enforcement. But other act evidence is not admissible to show propensity. It must be relevant to show some other issue in the case, such as motive, intent, opportunity or preparation. See Hynes v. Coughlin, 79 F.3d 285 (2d Cir. 1996). In Hynes, a civil rights action by a prisoner, the Court refused to allow evidence of his other acts in disciplinary records to show that the plaintiff had an aggressive character and therefore was probably the aggressor in the particular occasions at issue. Id. at 292. Second, because the prior case occurred over six years before the case at bar the Court should preclude its introduction because it is no longer probative. See United States v. Frankhauser, 80 F.3d 641 (1st Cir. 1996) (probative value must be considered in light of the remoteness in time and the degree of resemblance to the crime charged.)

WHEREFORE, it is respectfully requested that the Court grant the relief requested, as well as any other relief the Court determines is appropriate.

DATED:   New York, New York
         August 20, 2007

TO:

Office of the Attorney General
Attn: Kevin McCaffrey, Esq.
New York NY

Fink & Katz, PLLC
One of Plaintiff's Attorneys
40 Exchange Place, Suite 2010
NY, NY 10005
(212) 385-1373

BY: _____
    Jonathan A. Fink (JF:3097)

## Certificate of Service

I, Brian Bromberg, an attorney, hereby certify that on August 23, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Kevin McCaffrey, Esq.

Dated:   August 23, 2007

/s/ Jonathan A. Fink
Jonathan A. Fink