UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

DORON AVGUSH,

                                        Plaintiff,

        -against-

                                                        05 CV 3608 (MDF)


BRAHIM DEDUSEVIC,

                                        Defendant.

-------------------------------------------------------------------x


**Plaintiff's Proposed Jury Instructions Verdict Sheet**


Dated: September 17, 2007
        New York, New York

JONATHAN A. FINK, Esq.
Fink & Katz, PLLC
[JF-3097]
40 Exchange Place, Suite 2010
New York, New York 10005
(212) 385-1373

BRIAN BROMBERG, Esq.
Bromberg Law Office, P.C.
[BB- 6264]
40 Exchange Place, Suite 2010
New York, New York 10005
(212) 248-7906


*Attorneys for Plaintiff*

**General Charges**

1.     **Introductory Remarks**

Ladies and Gentlemen of the Jury: I am now about to instruct you on the law that you will apply to the facts in this case. You will then determine the facts in accordance with my instructions on the law.

It is a tradition and right of our legal system that parties involved in legal disputes where their lives or properties are at stake have a jury, chosen from the members of their community, find the facts affecting them. As I told you at the beginning of the trial, I, as the Judge, do not find the facts. Rather, you, the members of the jury, find the facts. As I have also previously explained, the trial judge instructs jurors on the law that they are to apply to the case, and the jurors are bound to accept those instructions even though they may feel that the law should be different from what the judge says it is. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should also not single out any instruction or any one word or phrase in an instruction as alone stating the law, but you should consider the instructions as a whole.

Accordingly, you will find the facts in this case, but you will accept the law as I state it to you and apply that law to the facts as you find them. The result of your work will be the verdict that you return.

In the course of these instructions, I will explain: first, certain general principles that you will apply in your deliberations; second, the burden of proof to be applied in this case; third, the substantive instructions in this case; and fourth and finally, certain final instructions on the conduct of your deliberations.

1

**2.** **Conduct of Jurors**

You are to conduct your duty as jurors in an atmosphere of complete fairness and impartiality, without bias for or against the plaintiff or defendant. All persons and entities are entitled to the same fair and conscientious consideration. All parties stand as equals before the bar of justice. You are to approach your duties coolly and calmly, without emotion and without being influenced by sympathy or prejudice for or against any party.

3.      **Role of the Jury**

As I have said, your role is to decide the fact issues in this case. You are the sole and exclusive judges of the facts. You determine the weight of the evidence. You appraise the credibility of the witnesses. You draw the reasonable inferences from the evidence or lack of evidence. And you resolve such conflicts as there may be in the testimony.

With respect to any factual matters, your recollection and your recollection alone governs. Anything that counsel for the plaintiff or counsel for the defendant may have said with respect to matters in evidence, whether while questioning witnesses or in argument, is not to be substituted for your own recollection or evaluation of the evidence. So, too, anything that I may have said during the trial or may say during these instructions as to any factual matter is not to be taken in place of your own recollection or judgment.

The evidence in this case is the sworn testimony of the witnesses, and the exhibits received in evidence, and stipulations.

During the trial I have been called upon to make rulings on various questions. There may have been objections, or motions may have been made to strike answers, or conferences may have been held on an issue. You are to disregard that these procedural matters have occurred and of course, if at any time I instructed you to disregard anything that was said; then you must follow that instruction and pay no attention to it in your deliberations. Procedural matters are matters of law and, although you may have been curious about them, you should not consider them.

Also and once again, the fact that, at times, I may have commented during the course of trial or asked questions of witnesses does not indicate any feeling of mine about the facts. I have

no such feelings, and my comments were intended only to clarify the issue at hand. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Similarly, it is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not show prejudice against an attorney or his or her client because the attorney has made objections.

The question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question. Similarly, if a lawyer asked a hypothetical question based upon certain assumed facts, it is for you and you alone to determine, based upon the evidence in the case, whether those assumed facts are true. You may not consider them to be true simply because they were contained in a lawyer's question.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony or exhibits were received for a limited purpose, you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witnesses' recollection.

**4.      Nature of the Evidence –
         Direct and Circumstantial Evidence; Drawing Inferences**

There are two types of evidence which you may use in reaching your verdict: direct evidence and circumstantial evidence. Direct evidence is when a witness testifies about something the witness mows by virtue of his or her own senses – something the witness has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit admitted into evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

6

During the trial you have heard the attorneys use the term inference, and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences maybe drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defendants ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

7

5.       **Credibility of Witnesses**

You have had the opportunity to observe all the witnesses. It is now your job to decide

how believable each witness was in that witness' testimony. You are the sole judges of the

credibility of each witness and of the importance of the witness' testimony.

It must be clear to you by now that you are being called upon to resolve various factual

issues raised by the parties in the face of very different pictures painted by both sides. In making

these judgments, you should carefully scrutinize all of the testimony of each witness, the

circumstances under which each witness testified, and any other matter in evidence which may

help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witnesses testify.

Everything a witness said or did on the witness stand counts in your determination. How did the

witness impress you? Did the witness appear to be frank, forthright and candid, or evasive and

edgy as if hiding something? How did the witness appear; what was the witness' demeanor?

What was the witness' behavior, bearing, manner and appearance while testifying? Often it is not

what a witness says but how the witness says it that counts.

You should use all the tests for truthfulness that you would use in determining matters of

importance to you in your everyday life. You should consider any bias or hostility the witness

may have shown for or against any party as well as any interest the witness has in the outcome of

the case. You should consider the opportunity the witness had to see, hear, and know the things

about which the witness testified, the accuracy of the witness' memory, the witness' candor or

lack of candor, the witness' intelligence, the reasonableness and probability of the witness'

testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of the witness' demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

In evaluating the credibility of the witness, you should also take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances that witness' own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest ill the outcome of this trial, then you should beat that factor in mind when evaluating the credibility of that witness' testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, any witness' interest has affected the witness' testimony.

**6.      Burden of Proof**

Members of the jury, now that I have given you general instructions, I am going to instruct you on the law to be applied to the specific issues in this case. But first I am going to explain the concept of burden of proof. The burden of proof in this action is by a preponderance of the evidence.

The party with the burden of proof on any given issue has the burden of proving to you every disputed element of that party's claim by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish that party's claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does a preponderance of evidence mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – that party must prove its case by a preponderance of the evidence. On the other hand, the party with this burden

10

of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the plaintiff – that what the plaintiff claims is more likely true than not true c- then the plaintiff will have proved her case by a preponderance of evidence.

Once more I remind you, as I did at the beginning of the trial, that proof beyond a reasonable doubt is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it completely out of your mind.

11

**Substantive Charges**

7.      **Section 1983 --The Statute**

The law to be applied in this case is the federal civil rights law that provides a remedy for

individuals who have been deprived of their Constitutional or statutory rights under color of state

law. Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance,
> regulation, custom or usage of any State ... subjects or causes to be
> subjected, any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any rights, privileges,
> or immunities secured by the Constitution and laws, shall be liable
> to the party injured in an action at law, suit in equity, or other
> proper proceeding for redress.[1]

---

[1] Leonard Sand, et al., *Modern Federal Jury Instructions* ("Sand"), Instr. 87-65 (Volume 5, 2006)

## 8.      Purpose of Statute

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes.  Before Section 1983 was enacted in 1871, people so injured were not able to sue state or city officials or persons acting tinder color of state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared the adequate protection of federal rights might not be available in state courts.[2]

---

[2] Sand, Instr. 87-66.

**9.      Elements of a Section 1983 Claim**

To establish a claim against a defendant under section 1983, a plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First; that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States, as defined and explained in these instructions; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff

I shall now examine each of the three elements in greater detail.[3]

---

[3] Sand, Instr. 87-68

14

10.     **First Element: Color of State Law**

As to the first element, an individual acts under color of state law when he acts or purports to act in the performance of his official duties for New York City, the State of New York or a government subdivision of the State.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state or the city. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

In this case, there is no dispute that at the time of the incidents at issue, the defendant was employed by the New York State and was acting under color of state law. In other words, the first element is satisfied.[4]

---

[4] Sand, Instrs. 87-69, 87-70.

**11.     Second Element - Deprivation of a Right**

The second element of plaintiff s claim is that he was deprived of a federal right by the defendant. In order for the plaintiff to establish this second element with regard to each claim, he must show the following factors by a preponderance of the evidence:

First, that the defendant committed the acts alleged by the plaintiff;

Second, that those acts caused the plaintiff to suffer the loss of a federal right; and

Third, that in regard to the excessive force alleged, the defendant acted intentionally or recklessly.[5]

---

[5] Sand, Instr. 87-84.

**12.      First Factor: Commission of the Act**

Personal involvement of the defendant in the alleged deprivation of rights is a prerequisite to an award of damages under Section 1983. In order to find defendant liable, you must find personal involvement by defendant in the deprivation.[6]

---

[6] Green v. Bauvi, 46 F.3d 189, 194 (2d Cir. 1995).

### 13.    Second Factor: Loss of a Federal Right

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force by police officers while being arrested. In other words, a state trooper may only employ the amount of force necessary under the circumstances.

Here, the plaintiff claims that he was subjected to excessive force that could have been prevented by the defendant. As I have already instructed you, you must determine whether the alleged force was committed against plaintiff and whether defendant could have prevented that force. To determine whether the acts caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used to effect the arrest was that which a reasonable state trooper would have employed in effecting the arrest under similar circumstances. In making this determination, you may take into account whether the plaintiff posed an immediate threat to the safety of the defendant or others and whether the plaintiff actively resisted arrest or attempted to evade arrest by flight. However, you do not have to determine whether there were less intrusive alternatives, for the state trooper need only have acted within that range of conduct identified as reasonable.  If you find that the amount of force used was greater than a reasonable person would have employed - and, again, that defendant knew of and could have prevented such force - the plaintiff will have established the claim of loss of a federal right.[7]

---

[7] Sand, Insr. 87-74C

**14.     Third Factor: State of Mind**

To establish a claim under Section 1983, the plaintiff must show that the defendant acted intentionally or recklessly. If you find the acts or omissions of the defendant were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts or omissions, you must return a verdict for the defendant.

An act is intentional if it is done knowingly, that is if it is done or not done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. Similarly, an omission is intentional if the individual voluntarily and deliberately fails to act. An act is reckless if done in conscious disregard of its known probable consequences. Similarly, an omission is reckless if the individual fails to act in conscious disregard of the known probable consequences of that failure. In determining whether the defendant acted or failed to act with the requisite knowledge or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.[8]

---

[8] Sand, Instrs. 87-75, 87-76, 87-77.

**15.      Third Element: Proximate Cause**

The third element of plaintiff's Section 1983 claim is that the defendant's acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of the defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damages was a reasonably foreseeable consequence of the defendant's act or omission.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant. If you find that the defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury that would have occurred even in the absence of the defendant's conduct, you must find that the defendant did not proximately cause plaintiff's injury.  A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.[9]

---

[9] Sand, Instr. 87-79.

16.    <u>False arrest</u>

Mr. Avgush seeks damages for false arrest against defendant Brahim Dedusevic. A police officer commits a false arrest if he intentionally, and without right to do so, arrests a person who is aware of the arrest and does not consent to it. (Authority: <u>Weyant</u> v. <u>Okst</u>, 101 F.3d 845, 852 (2d Cir. 1996)).

Mr. Avgush claims that on October 14, 2003 defendant Brahim Dedusevic arrested him without a warrant and caused him to sustain damage.  The defendant admits that he arrested Mr. Avgush without a warrant, but contends that the arrest was lawful under the circumstances.   I instruct you under federal law, a police officer has the right to arrest a person without a warrant whenever he reasonable to cause to believe that a person has committed a criminal offense.  Defendant Dedusevic has the burden of proving by a preponderance of the evidence the existence of probable cause that Mr. Avgush committed a criminal offense (Authority: <u>Curry v. City of Syracuse</u>, 316 F.3d 324, 335 (2d Cir. 2003); <u>Wu v. City of New York</u>, 934 F. Supp. 581, 586 (S.D.NY. 1986)).  Reasonable or probable cause exists "when…the officers have knowledge that or reasonably trustworthy information of facts that and circumstances that are sufficient to warrant a person of reasonable caution that in the belief that the person to be arrested has committed or is committing a crime." (Authority: <u>Weyant</u>, 101 F.3d at 852 (citations omitted)).

The quantum of evidence that an officer must possess to establish probable cause "must constitute more than rumor suspicion, or even a 'strong reason to suspect' (Authority: <u>Wu</u>, 934 F. Supp. 581, 586 (S.D.N.Y. 1996) (<u>quoting United States v. Fisher</u>, 702 F.2d 372, 375 (2d Cir 1983) (citations omitted); <u>See Roberts v. City of New York</u>,

753 F. Supp. 480, 482-83 (S.D.NY. 1990); <u>United States v. Buschel</u>, 594 F. Supp. 942, 945-46 (N.D.N.Y 1984)).[10]

In determining whether probable cause exists, you are to look to the totality of the circumstances confronting the officer seeking to effectuate the arrest (Authority: <u>Illinois v. Gates</u>, 462 U.S. 213, 230-32 (1983)). Again, I remind you the defendant shoulders the burden of establishing probable cause.

You have heard evidence that Mr. Avgush was arrested for and charged with, the violation of the New York State Penal Law: Disorderly Conduct (Penal Law section 240.20 (3). In order for you to assess whether probable cause existed for Mr. Avgush's arrest, I will instruct you briefly on the elements of this crime. A person is guilty of Disorderly Conduct if the following elements are established: (1) the conduct must be public in nature; (2) it must be done with intent to cause public inconvenience annoyance or alarm or with recklessness as to a risk thereof and (3) in a public place, he uses abusive or obscene language, or makes an obscene gesture. <u>See</u> <u>Provost v. City of Newburgh</u>, 262 F.3d 146, 157 (2d Cir. 2001). If you find that the facts were as Mr. Avgush claimed, then you will find defendant Dedusevic falsely arrested him. If however, you find that the facts were as defendant Dedusevic testified, you will find that they had reasonable cause to believe that Mr. Avgush committed the offense of disorderly conduct, you will find that there was no false arrest.

17.   <u>Malicious Prosecution</u>

---

[10] The instructions set forth in this paragraph were given by Judge Koetl in <u>Funnye v. City of New York</u>, et al., 987 Civ. 7731 (JGK) (S.D.N.Y. July 2001).

Mr. Avgush also claims that defendant Dedusevic unlawfully prosecuted him and deprived him of his liberty "without due process of law" under the Fourth and Fourteenth Amendments to the United States Constitution.

I instruct you that under federal law, in order to establish that he was maliciously prosecuted, Mr. Avgush must prove the following three by preponderance of the evidence: (1) That the defendant commenced or caused to be commenced a criminal proceeding against him; (2) That the criminal prosecution terminated in Mr. Avgush's favor; (3) That in initiating the proceeding, the defendants did not have probable cause to believe that the criminal prosecution would succeed; and (4) That at the time the proceeding was initiated the defendant acted with malice towards Mr. Avgush (Authority Cook v. Sheldon, 41 F.3d at 79).   You must determine whether the defendant had probable cause to begin the Criminal Court proceeding with respect to the charge leveled against Mr. Avgush in accordance with the instructions that I described to you earlier in discussing Mr. Avgush's claim for false arrest.  Unlike his false arrest claim, Mr. Avgush bears the burden of proving by a preponderance of the evidence that the defendant did not have probable cause to prosecute him (Authority: Cook, 41 F.3d at 79).

To show actual malice, Mr. Avgush does not have to prove that the defendant acted with intent to do him harm, although that is sufficient; rather, you can infer malice if you conclude that they did not have a reasonable basis –or any basis– to believe that Mr. Avgush had committed the crime of disorderly conduct (Authority: Jestic v. Long Island Savings Bank, 81 A.D.2d 255, 258 (2d Dep't 1981); Boose v. City of Rochester, 71 A.D.2d 59, 69 (4th Dep't 1979)).

You have heard evidence that Mr. Avgush was arrested and charged with disorderly conduct. I have already instructed you on the definition of this offense. If after considering all of the evidence, you conclude that Mr. Avgush has proved his claim of malicious prosecution, your verdict must be for Mr. Avgush on this claim. On the other hand, if you conclude that the defendant has established probable cause for Mr. Avgush's prosecution, and that defendant Dedusevic acted with actual malice-which may be inferred from lack of probable cause—than your verdict must be for the defendant.

**Damages**

18.   **Compensatory Damages**

Even though I am going to instruct you now on how to award damages, it does not mean that I have any opinion on whether or not the defendant should be held liable.  Instructions as to the measure of damages must be given for your guidance in the event you should find that any actual damages were proved by a preponderance of the credible evidence by plaintiff in this case according to the instructions I have given to you.

If you believe that the plaintiff has proven every element of his claim by a preponderance of the credible evidence, then, and only then, should you consider the issue of damages. If you return a verdict for Trooper Dedusevic, then you need not consider damages.

If you return a verdict for the plaintiff, then you may award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of Trooper Dedusevic. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that he has proven by a preponderance of the credible evidence.

Moreover, you shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by Trooper Dedusevic. That is, you may not simply award actual damages for any injury suffered by plaintiff- you must award actual damages only for those injuries that are a direct result of actions or omissions by Trooper Dedusevic and that are a direct result of conduct by Trooper Dedusevic that was a violation of plaintiff's constitutional right to be free from excessive force.

You should not award compensatory damages for speculative injuries or based on sympathy, but only for those injuries which the plaintiff has actually suffered.  Compensatory damages must be based on the evidence presented at trial, and only on that evidence.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.[11]

---

[11] Sand, Instr. 87-87.

**19.      Damages for the Mere Fact of Violation**

If you return a verdict for the plaintiff, but then find that plaintiff failed to prove by a preponderance of the credible evidence that he suffered any compensatory damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar. This is called nominal damages.

Nominal damages must be awarded when the plaintiff has been deprived by a defendant of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of Trooper Deduseivic's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.[12]

---

[12] Sand, Instr. 87-88.

**20.    Concluding Remarks**

Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors. This is the very essence of jury deliberation. It is your duty to discuss the evidence. If you have a point of view and after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is really one that satisfies your judgment and conscience. However, you are not to give up a point of view that you conscientiously believe in simply because you are outnumbered or outweighed. You should vote with the others only if you are convinced on the evidence and the facts and the law that is the correct way to decide the case.

We have made a record of these proceedings. If any of you wish at any time to have any part of the testimony read back, then simply have the foreperson send me a note, dated and with the time, to that effect, and we will comply with your request as quickly as we can. I am not suggesting that you must or should do this: I am simply saying that it is a service we can make available to you. It would be helpful in the case of such a request if your note is as precise as possible so that we can know exactly what it is that you need. It does take time for the court reporter to find testimony in the transcript.  Therefore, please be patient if you send a note and there seems to be a delay in our response to you. Finally, if you do send me any notes, however, please make sure you do not give any indication of your present state of thinking on any disputed issue; particularly, you must not inform me of your vote count on any issue. The foreperson should sign any notes that you send to me.

28

In the course of your deliberations, you have the right to review any of the exhibits that have been received in evidence. If you wish to see any of these exhibits, simply have your foreperson send me a note requesting the exhibits you wish to see.  Again, however, I stress that no note should give me any indication of your thinking on any disputed issue or on your verdict. Your verdict will and must be announced only in open court at the end of your deliberations. Your verdict must be by a unanimous vote of all of you.

The juror who sits in the number one chair will be the foreperson of the jury unless for any reason that person prefers not to act in that capacity, in which event your first order of business will be to send me a note, signed and dated, identifying the new foreperson.

Your verdict in this case will be a verdict in the form of questions to be answered by you in the jury room after you have begun your deliberations. I will now read the questions on the verdict form to you.

When you reach a verdict, all of you should sign the verdict sheet and then send me a note stating that you have reached a verdict. Do not specify what the verdict is in the note. Instead, the foreperson should retain the verdict sheet, and hand it to us in open court when you are all called in. I remind you that your verdict must be unanimous.

*****

Members of the jury, you may now retire to deliberate.

Dated: September 17, 2007
     New York, New York

                    Fink & Katz, PLLC,

                    /s/ Jonathan A. Fink
                    By: Jonathan A. Fink (JF 3097)
                    One of Plaintiff's Attorneys

JONATHAN A. FINK, Esq.
Fink & Katz, PLLC
[JF-3097]
40 Exchange Place, Suite 2010
New York, New York 10005
(212) 385-1373

BRIAN BROMBERG, Esq.
Bromberg Law Office, P.C.
[BB- 6264]
40 Exchange Place, Suite 2010
New York, New York 10005
(212) 248-7906


*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DORON AVGUSH ,                                  )
                                                )
                        Plaintiff,              )
                                                )    05 CV 3608 (MDF)
        - against -                             )
                                                )
BRAHIM DEDUSEVIC                                )
                                                )
                                                )
                        Defendant.              )
-------------------------------------------------------------X


## SPECIAL VERDICT FORM--LIABILITY AND DAMAGES


1.      Do you find that plaintiff has met his burden of establishing, by a preponderance of

the evidence, that the defendant falsely arrested him in *intentional* violation *or reckless disregard* of

federal constitutional rights on October 14, 2003?

                Yes _____   No _____


2.      Do you find that plaintiff has met his burden of establishing, by a preponderance of

the evidence, that the defendant subjected him to a malicious prosecution in *intentional* violation *or*

*reckless disregard* of his federal constitutional rights on October 14, 2003?

                Yes _____   No _____

3.      Do you find that plaintiff has proved by a preponderance of the evidence that the

defendant used excessive force against plaintiff on October 14, 2003?

                Yes_____ No_____

If you answered "No" to all of the above questions, then you have found a verdict in favor of the defendant with respect to all of Mr. Avgush's claims, and your deliberations are concluded; skip to the end of this Verdict Sheet and have the foreperson sign it, date it and notify the court.  However, if you answered "Yes" to any of the above questions, proceed to Questions 4 and 5.

    4.      Has Mr. Avgush proved that he suffered injury as a direct result or a reasonably probable consequence of the defendant's conduct?

Yes _____   No _____

    5.      What amount of damages did Mr. Avgush sustain as a result of one or more of the defendant's conduct?

$_____

Dated: September 17, 2007
      New York, New York

                              JONATHAN A FINK, Esq.
                              [JF-3097]
                              40 Exchange Place, Suite 2010
                              New York, New York 10005
                              (212) 385-1373
                              One of the Attorneys  for Plaintiff
                              DORON AVGUSH

**Certificate of Service**

I, Jonathan A. Fink, an attorney, hereby certify that on September 17, 2007, the foregoing

document was filed with the Clerk of the Court and served in accordance with the Federal Rules

of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's

Rules on Electronic Service upon the following parties and participants:

Kevin McCaffrey, Esq.

Dated: September 17, 2007

<u>/s/ Jonathan A. Fink</u>
Jonathan A. Fink

31